BERRY MANN v. THE STATE.

No. 2933.   Decided November 16, 1904.

1.—Cutting Timber on Land of Another—Charge of the Court.

Where the evidence raised the question as to whether the timber, or bushes, alleged to have been cut was on appellant's or prosecutor's land and in the absence of an instruction on this phase of the case, it was error to refuse a special charge directing the jury's attention to this issue.

2.—Evidence—Preponderance of Testimony—Verdict.

Where the evidence showed by the preponderance of the testimony that the bushes or trees, alleged to have been cut were on appellant's and not on the prose-

cutor's land, a verdict convicting appellant of knowingly cutting timber on land of another should have been set aside.

### 3.—Misconduct of Jury—Misdemeanor.

Where it was shown that prosecutor accompanied one of the jurors in a misdemeanor case to his home and took dinner with him, and did not return until court had convened, the judgment of conviction will be reversed. Following G. C. & S. F. Ry. Co. v. Schweder, 25 S. W. Rep., 306.

### 4.—Same—Practice in County Court.

Where one of the jurors in a misdemeanor case is shown to have told the jury in the jury room about appellant hitting prosecutor on the head with an axe handle on a former occasion, the verdict should be set aside.

Appeal from the County Court of Van Zandt. Tried below before Hon. John W. Davidson.

Appeal from a conviction of knowingly cutting timber on the land of another; penalty, a fine of $15.

The opinion states the case.

*Lively & Stanford* and *Wynne & Blanks,* for appellant.—On the proposition of the charge of the court: White v. State, 14 Texas Crim. App., 449.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of knowingly cutting timber on land of another, and fined $15, and hence this appeal. An examination of the record discloses that the issue was very sharply drawn as to whether the land in question on which appellant cut some bushes, or small trees, was appellant's land or the land of prosecutor. The record shows that the lands of prosecutor and appellant joined each other, and there was some dispute or disagreement as to the dividing line between them. Prosecutor claimed that a correct line would include the locus in quo in his tract, whereas appellant claimed that the same was on his land. He is shown to have built a fence and cut some bushes, and two or three small trees along the line of the fence, and for this he was convicted. The record further shows that prosecutor's (Williams) land was on the J. M. Harrison survey, and appellant's land was on the S. M. Harrison survey. The evidence as to the dividing line pertained to these two surveys. The evidence, as it seems to us, preponderates in favor of appellant, to the effect that the timber cut was on the S. M. Harrison survey, which belonged to him. On this state of facts, appellant asked the following charge: "You are further charged that, if you find that the division line between the J. M. Harrison and S. M. Harrison surveys was the division line between W. W. Williams' land and Berry Mann's land, then, if you have a reasonable doubt whether or not the timber was cut, if any was cut, on the J. M. Harrison survey, then you will acquit the defendant." This was refused, and appellant reserved an exception to the court's refusal to give it. It will be observed that no charge covering this exact phase of the

case was given by the court. We believe, under the facts of this case, the requested charge should have been given. We would further remark that, in our opinion, the evidence in this case does not justify the verdict. From this record the facts appear to preponderate in favor of appellant, and we do not believe that in a civil suit the finding in his favor would be disturbed.

In addition to this, the record here shows that, while the jury were considering the case, prosecutor accompanied one of them to his home and took dinner with him; and did not return until after court had convened. In G. C. & S. F. Ry. Co. v. Schroeder, 25 S. W. Rep., 306, this was held such corrupt conduct on the part of the jury in a civil case as to authorize a reversal One juror is shown to have told the jury in the juryroom about appellant hitting prosecutor on the head with an axe-handle on a former occasion. This conduct was reprehensible, and was sufficient ground for new trial.

For the errors discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*